IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS MICHAEL CLARK,

    Petitioner,   No. 2:12-cv-1365-KJM-EFB P

  vs.

G. SWARTHOUT,

    Respondent.   FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the action as untimely. ECF No. 11. For the following reasons, the motion must be granted.

**I.  Procedural History**

    Petitioner was convicted of murder and received an indeterminate life sentence. Pet., ECF No. 1 at 1. He appealed the conviction, and on June 8, 1981, the California Court of Appeal, Third Appellate District, affirmed the judgment. Documents Lodged ISO Resp.'t's Mot. to Dismiss ("Lodg. Doc.") 4. Petitioner did not seek review in the California Supreme Court.

/////

/////

/////

1

Petitioner filed three state habeas petitions. His first state petition was filed in the El Dorado County Superior Court on October 9, 2003.[1] Lodg. Doc. 1. That petition was denied on May 12, 2009. Lodg. Doc. 2. On May 6, 2010, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate district, which denied the petition on July 15, 2010. Lodg. Docs. 3, 4. Petitioner's last state petition was filed in the California Supreme Court on July 27, 2010. Lodg. Doc. 5. That petition was denied on May 18, 2011. Lodg. Doc. 6.

Petitioner filed the instant petition on May 3, 2012. ECF No. 1. In his petition, he alleges that he has newly discovered information, which was withheld by the prosecution and is material to the outcome of his case.

## II.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for seeking federal habeas relief, beginning from the latest of (1) the date the judgment became final on direct review, (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that

---

[1] With the exception of his first state petition, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
Since petitioner did not date his first state petition nor attach a certificate of service, the court will utilize the date the petition was received by the superior court.

2

application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). An unjustified delay of six months, or 180 days, is presumptively unreasonable. *Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008). Petitioner has the burden of showing facts entitling him to statutory tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Equitable tolling is available where a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Nedds v. Calderoni*, 678 F.3d 777, 780 (9th Cir. 2012). The Ninth Circuit has held that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

**III.   Analysis**

    **A.   Statute of Limitations Under 28 U.S.C. 2244(d)(1)(A)**

Respondent contends that the petition must be dismissed as untimely because petitioner failed to file it within one year of the date on which his judgment became final on direct review. ECF No. 11; *see* 28 U.S.C. 2244(d)(1)(A). Petitioner was sentenced on January 7, 1980. ECF No. 1 at 1. The California Court of Appeal affirmed petitioner's conviction on June 8, 1981. Lodg. Doc. 4. Petitioner did not seek review in the California Supreme Court. Accordingly, his conviction became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on July 18, 1981, forty days after the California Court of Appeal filed its decision. *See* Cal. Ct. R. 8.264(b)(1), 8.500(e); *see also Waldrip v. Hall*, 548 F.3d 729, 735

(9th Cir. 2008). Since petitioner's conviction became final prior to the April 24, 1996 enactment of AEDPA, he had a one-year grace period to file his federal petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, petitioner had until April 24, 1997 to file his federal habeas petition. Absent tolling, his May 3, 2012 application in this court is more than fifteen years late.

Petitioner did not file his first state habeas petition until October 9, 2003, well after the expiration of the limitations period. He therefore is not entitled to statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding a petitioner's filing of a state habeas petition after the one-year limitations period ran "resulted in an absolute time bar to refiling after his state claims were exhausted"); *Laws v. Lamarque*, 351 F.3d 919, 922 ("[B]ecause [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim in the first instance."). Petitioner claims, however, that his petition is timely because he is entitled to a later trigger date under either 28 U.S.C. § 2244(d)(1)(B) or (d)(1)(D). Petitioner appears to argue that when he is provided a later triggering date, he is entitled to statutory and equitable tolling and thus his petition is timely.[2]

**B.    Statute of Limitations Under 28 U.S.C. §§ 2244(d)(1)(B) & (d)(1)(D)**

Although phrased differently, petitioner essentially argues that he is entitled to a later triggering date under either 28 U.S.C. §§ 2244(d)(1)(B) or (d)(1)(D) because there were impediments that prevented him from discovering evidence pertinent to his claims at an earlier

/////

---

[2] Petitioner also argues that he can establish "cause and prejudice" and that his claims should not be procedurally barred from federal review. *See* ECF No. 17 at 2. This argument may have been relevant had respondent moved to dismiss the instant petition based on procedural default. Respondent's sole basis for dismissal, however, is that the federal petition is untimely. The argument is therefore irrelevant.

4

time. ECF No. 17 at 7-14. Petitioner claims there were four separate impediments that entitle him to a later triggering date. *Id*.

First, petitioner argues that the State withheld exculpatory evidence regarding informant witness Robert Overdeck. Pet'r's Opp'n, ECF No. 17 at 7-9. He claims that the state withheld Overdeck's criminal history and that criminal charges were pending against him at the time of petitioner's trial. *Id*. at 7. Petitioner contends that this impediment remained in place until Overdeck's status as an informant was released on October 16, 2007. *Id*. at 9.

Second, petitioner claims that impeachment or exculpatory evidence regarding witness Celest O'Dell was also withheld by the prosecution. *Id*. at 11. He contends that the State withheld "[i]nformation regarding Odell's past criminal record, including her in custody status, and the charges she faced" at the time she was interrogated by law enforcement. *Id*. at 10. Petitioner claims that he did not uncover the material evidence until 2001 when he employed Maloney Investigations. *Id.* Petitioner claims, however, the evidence discovered in 2001 was inconclusive and required further investigation. *Id*. at 11. Petitioner contends that this impediment remained in place until July 18, 2006, when O'Dell testified that she had been "exposed to hypnosis prior to her testimony . . ." and " . . . that she had been facing serious felony charges" at the time she was interrogated by law enforcement officers. *Id*. at 11-12.

Third, petitioner alleges that "information regarding the criminal background, history, and convictions" of Carol Willis were deliberately withheld by the prosecution. *Id.* at 12. He contends that during habeas corpus proceedings at the state level, Assistant District Attorney Uthe falsely represented that Willis could not be located. *Id.* Petitioner contends that the evidence regarding Willis was not fully known to petitioner until December 29, 2006. *Id.* at 12-13.

Fourth, petitioner contends that impeachment evidence regarding witness Debra Cornell, including her criminal background and prior convictions, was deliberately withheld by the
/////

5

prosecution. *Id*. at 14. He claims that he did not learn of the information concerning Cornell until October 3, 2007. ECF No. 17 at 14.

Respondent advances numerous arguments attacking petitioner's contention that he is entitled to a later commencement date for the one-year limitation period. The court need not address these arguments. Even assuming that petitioner is correct that the conduct by the prosecution constituted a state impediment, or that he could not have discovered the factual predicate of his claims until such impediments were removed, his petition is still untimely. According to petitioner's allegations, the last of the four impediments was removed on October 16, 2007, the date on which petitioner obtained information concerning witness Overdeck's criminal history and pending charges. Assuming, without deciding, that the statute of limitations commenced running on that date for all of petitioner's claims, he still would have been required to file his petition by October 16, 2008. He did not file his federal application until May 3, 2012, well after the October 16, 2008 deadline.

Petitioner appears to argue, however, that when provided this later start date, he is entitled to statutory and equitable tolling and his petitioner is therefore timely. ECF No. 17 at 2-3, 15-16.

**C.    Statutory Tolling**

Respondent argues that petitioner is not entitled to statutory tolling. Specifically, he contends that petitioner's state habeas petitions did not toll the limitations period because the state courts either expressly or impliedly rejected his three state petitions as untimely. ECF No. 23 at 9-13. Respondent claims that the state petitions were therefore not "properly filed" as required by 28 U.S.C. 2244(d)(2). *Id*.

Petitioner's first state habeas petition was filed in the superior court on October 9, 2003, and was denied on May 12, 2009. Lodg. Docs. 1, 2. In its order denying that petition, the court expressly found that the petition was untimely. Lodg. Doc. 2 at 2-4. Since the state court found that petition untimely, it does not provide any tolling. *See Bonner v. Carey*, 425 F.3d 1145, 1149

6

1  (9th Cir. 2005) ("[I]f a state court denies a petition as untimely, none of the time before or during
2  the court's consideration of the petition is statutorily tolled.").

3        Petitioner contends, however, that his first habeas tolled the statute of limitations because
4  the Superior Court addressed the merits of his claims in his petition. ECF No. 17 at 2. Though
5  the court did address the merits, it also found that the delay in filing the petition was
6  "unreasonable and not justified by the evidence." Lodg. Doc. 2 at 4. It therefore denied the
7  petition as untimely. *Id*. The fact that the court went on to address the merits of some of
8  petitioner's claims does not render the petition properly filed for purposes of statutory tolling.
9  *See Pace*, 544 U.S. at 414 (finding that where a state court clearly finds a petition untimely, "that
10  would be the end of the matter, regardless of whether it also addressed the merits of the claim, or
11  whether its timeliness ruling was 'entangled' with the merits."). Accordingly, the first state
12  habeas petition does not provide a basis for tolling the limitations period.[3]

13        Petitioner's second state habeas petition was also not "properly filed" as required by 28
14  U.S.C. § 2244(d)(2). That petition was filed in the California Court of Appeal on May 6, 2010.
15  That court summarily denied the petition without comment or explanation on July 15, 2010.
16  Lodg. Docs. 3, 4. Accordingly, that court's denial is deemed to have rested on the same grounds
17  as the last reasoned decision; i.e. the superior court's denial of petitioner's first state habeas
18  petition. *See Townsend v. Knowles*, 562 F.3d 1200, 1205 ("Because the California Court of
19  Appeal and Supreme Court denied his state habeas petitions without any reasoning, we look to
20  the Sacramento Superior Court's decision denying [petitioner's] habeas petition . . . . The
21  California Superior Court held that [petitioner's] petition was untimely; and, therefore, the

---

[3] The undersigned acknowledges that a state court's finding that a petition is untimely after that petition has been pending for several years, as was the case with petitioner's first state petition, could potentially cause a petitioner to lose his day in federal court. The Supreme Court has addressed this issue and found that such a consequence may be avoided by filing a protective petition in federal court. *Pace v. DiGuglielmo* 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid [timeliness obstacles] . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

petition was not 'properly filed' . . . ."), *abrogated on another ground by Walker v. Martin*, ___ U.S. ___, 131 S.Ct 1120 (2011).

Petitioner's last state petition was also denied as untimely. In denying that petition, the California Supreme Court cited to *In re Robbins*, 18 Cal.4th 770, 780 (1998). The court's citation to *Robbins* indicated that the petition was denied as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (2007) (a California court's citation to *Robbins* is a "clear ruling" of untimeliness). Since none of petitioner's state habeas petitioner were "properly filed" as required by 28 U.S.C. 2244(d)(2), petitioner is not entitled to statutory tolling.

### D.  Equitable Tolling

Petitioner also contends that he is entitled to equitable tolling based on the conduct of state-appointed appellate counsel. ECF No. 17 at 15-16. To be entitled to equitable tolling on this basis, petitioner must establish that he was pursuing his rights diligently and that counsel's conduct constituted an extraordinary circumstance that prevented him from timely filing his petition. *See Pace*, 544 U.S. at 418. The Supreme Court has held that an attorney's unprofessional conduct can sometimes be an extraordinary circumstance allowing a petitioner to receive equitable tolling. *Holland v. Florida*, ___ U.S. ____, 130 S.Ct. at 2552, 2562-63. In *Holland*, the court recognized that a "garden variety claim of excusable neglect" or an attorney's miscalculation of filing deadlines does not warrant equitable tolling, while a claim that an attorney abandoned the petitioner, if proven, would provide a basis for equitable tolling. *Id*. at 2263, 2568. Thus, in determining whether a petitioner is entitled to equitable tolling, "courts must examine if the claimed failure was one of mere negligence by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, or a sufficiently egregious misdeed like malfeasance or failing to fulfill a basic duty of client representation." *Doe v. Busby*, 661 F. 3d 1001, 1011 (9th Cir. 2011) (citations omitted).

Petitioner contends appellate counsel Judith Allen "deliberately withheld the existence of legal claims that had been plainly in view within the four-corners of the appellate record." *Id*. at

8

15. Petitioner argues that Allen made a calculated effort to "discourage petitioner from following up on the direct review of his conviction" by telling petitioner that "there were no further issues of any merit that might be reviewed" on direct review. ECF No. 17 at 4-5. He further claims that "there were 18-non-frivolous grounds within the four corners of the appellate record, some with obvious merit to any appellate practitioner." *Id*. at 5. In support of his argument, petitioner cites to a June 23, 1981 letter from Allen. Pet., Attach. No. 44, ECF No. 1-10 at 298. In the letter, Allen informs petitioner that she decided not to pursue his case any further because she believed that "the Court of Appeal had decided [petitioner's] case in such a manner that any further appellate efforts would be fruitless." Allen went on to say:

> Even though in my professional opinion your case does not present issues which the court of Appeal or Supreme Court will rehear or hear, you have the option of pursuing your case further on your own by filing a petition for hearing in the Supreme Court . . . . Please bear in mind that time limitations are crucial. A petition for hearing in your case must be filed in the California Supreme Court by July 20, 1981.

*Id*.

Petitioner's contention that appellate counsel made a calculated effort to discourage him from pursuing further relief has no factual support. The letter submitted by petitioner reflects that Allen simply expressed her doubt about the merits of any such claim petitioner could pursue. Furthermore, Allen informed petitioner that he had the option to seek further relief on his own. Based on the evidence submitted by petitioner, the undersigned cannot find that Allen committed an "egregious misdeed like malfeasance or fail[ed] to fulfill a basic duty of client representation." *Doe*, 661 F. 3d at 1011.

Petitioner's equitable tolling argument also fails because petitioner is unable to show that Allen's conduct prevented him from timely filing his petition. Petitioner contends in his opposition that there were "legal claims that had been plainly in view within the four-corners of the appellate record." ECF No. 17 at 15. Although the claims were "plainly in view" and Allen informed him that could further challenge his conviction on his own, he declined to do so for many years.

In conjunction with his attack on Allen's conduct, petitioner also appears to argue that he was not able to further challenge his conviction until 1999, when he began to educate himself in law. ECF No. 17 at 15. Petitioner's failure to realize that he had potential claims he could raise on direct appeal or collateral review does not provide a basis for equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a pro se petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")[4]

Lastly, petitioner is not entitled to equitable tolling because he failed to pursue his rights diligently. *See Nedds*, 678 F.3d at 780. The record shows significant delays by petitioner in seeking relief in both state and federal court. For example, the El Dorado Superior Court denied petitioner's first state petition on May 12, 2009. Petitioner waited nearly a year before filing his second state petition on May 6, 2010. Petitioner provides no explanation for this delay. Further, the California Supreme Court denied his last state habeas petition on May 18, 2011, but he did not file the instant petition until May 3, 2012. Again, petitioner fails to provide any explanation for the year long delay. Accordingly, petitioner has failed to meet his burden of establishing entitlement to equitable tolling.

/////

/////

/////

---

[4] Petitioner also claims that Allen's conduct constituted an impediment that has not yet been removed because "facts remain unknown due to the passage of time and the erosion of memories." ECF No. 17 at 15. To the extent petitioner contends that the limitations period has yet to trigger pursuant to 28 U.S.C. 2244(d)(1)(B), such an argument must be rejected. Logically, Allen's conduct cannot constitute an ongoing impediment as petitioner has already filed his federal petition. Further, a petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). As discussed above, Allen informed petitioner that he was free to seek further relief on his own. Notwithstanding this advice, petitioner declined to do so in a timely manner. Thus, petitioner cannot show that Allen's conduct caused the instant petition to be untimely filed.

## IV. Conclusion

Because petitioner filed the instant petition well beyond the time period provided by 28 U.S.C. § 2244(d), it is hereby RECOMMENDED that:

1. Respondent's February 19, 2013 motion to dismiss, ECF No. 11, be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 26, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE